Smith, J.
We have considered his case on the oral arguments submitted,and are of the opinion that the motion to dismiss the appeal should not have been granted.
It is true that no obligees are named in the bond for appeal executed by the defendants, and, therefore, that as it stands, it is utterly invalid as a bond, as no one would be entitled to sue upon it, and recover damages from the makers if they failed to abide and perform the order and judgment of the circuit court and pay all moneys, costs and damages which might be required of, or awarded against them by the circuit court, which was the condition of this bond, or what would have become a bond, if obligees had been named therein. And it may be conceded also, that the statute requires that such a bond for appeal be signed by one or more persons other than the appellant or appellants, against whom the decree sought to be appealed from *566 was rendered. But the question still remains whether, if those defects in the bond attempted to be given, were the result of mistakes on the part of the appellants, or the officer whose duty it was to take and approve the bond,itisthe absolute duty of the court to dismiss the appeal, dr whether under our liberal statutes and practice, the mistake may not be corrected.
L, T. Neal and Clevenger, for motion.
Mapes, Savage & Smith, contra.
If it cannot be done under the provisions of section 5233, Revised Statutes, which was originally enacted March 23, 1852, (S. & 0. 1169), we think it may certainly be done, (if the result of a mistake),under the broad terms of section 5114, which gives to the courts the power, in furtherance of justice, to amend any proceeding (which the giving of an appeal bond is), by correcting a mistake in the name of a party, “or a mistake-in any other respect,” unless the passage of the act of March 23, 1852, now section 5233, gives the only cases in which appeal bonds may be corrected, and section 5114 is thus in effect repealed in so far as appeal .bonds are concerned, as is the claim of counsel for the appellees.
We understand this claim to be in direct conflict with several adjudications of the Supreme Court on this question. Section 28 Ohio St., 90; 31 Ohio St., 131; Do. 331. These cases in effect hold that section 5114 is still in full force as to the correction of mistakes in appeal bonds.
Entertaining these views, we would be disposed to hold that if a motion was filed by the appellants for leave to file an amended bond, supported by affidavits showing that the defects arose from a mistake (which appears almost self evident), that it should be allowed to be done.